**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles E. Dugay II,<br><br>Plaintiff,<br><br>vs.<br><br>Complete Skycap Services, Inc.; James Hall; Carl Russell; Robert E. Williams; and Peilun Lee,<br><br>Defendants. | No. CV-10-2404-PHX-GMS<br><br>**ORDER** |

Before the Court is the Motion to Dismiss filed by Defendants Complete Skycap Services, Inc., Peilun Lee, and James Hall.[1] (Doc. 5). For the reasons that follow, the Court grants Defendants' Motion and dismisses the claims with prejudice.[2]

---

[1] Defendants note that their Motion to Dismiss "is filed only on behalf of [Complete Skycap Services, Inc.], Peilun Lee and James Hall because those are the only defendants that Plaintiff claims to have served with the summons and complaint." (Doc. 5 at 2 n.1). On July 13, 2011, the Court issued Plaintiff an Order to Show Cause "why Defendants Carl Russell and Robert E. Williams should not be dismissed without prejudice for failure to serve the Summons and Complaint." (Doc. 16). However, it is not necessary for the Court to wait until Plaintiff responds to that Order before disposing of the present Motion.

[2] Defendants' request for oral argument is denied, as the written briefing provides a sufficient basis upon which this Court can dispose of the Motion. *See Lake at Las Vegas Investors Grp. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 728–29 (9th Cir. 1991).

**BACKGROUND**

Plaintiff Charles E. Dugay II alleges that he was employed by Defendant Complete Skycap Services, Inc. ("CSSI") as an "oversize representative/runner" at Phoenix Sky Harbor International Airport. (Doc 1, Ex. 1L).[3] On May 28, 2009, Plaintiff was involved in a car accident and suffered neck and back injuries. (Doc 1, Ex. 1 at ¶ 7). The following day, he reported for work and was advised by his direct supervisor, Defendant Robert Williams, that another employee had already been called in as a substitute for Plaintiff. (*Id.* at ¶ 8). Mr. Williams further informed Plaintiff that he would not be able to return to work until he provided CSSI with a doctor's authorization. (*Id.*).

Plaintiff obtained a return to work notice[4] from his doctor on June 3, 2009, and gave it to Mr. Williams, who stated that it was too vague and that CSSI required another doctor's note. (*Id.* at ¶ 9). On June 10, 2009, Plaintiff presented a new notice to Mr. Williams and to Defendant Carl Russell, which stated that Plaintiff could return to work on light duty provided he did not lift anything weighing more than 25 pounds. (*Id.* at ¶¶ 10–12). Mr. Russell informed Plaintiff that this latest notice would be presented to CSSI's attorney to see if it was sufficient for Plaintiff's return on a light duty basis. (*Id.* at ¶ 12). The following day, Plaintiff saw the company accountant, Defendant Peilun Lee, who gave Plaintiff a letter

---

[3] Plaintiff has attached various documents as exhibits to his Complaint, which the Court will consider in its resolution of the Motion. *See Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991) ("[I]f a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim."); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (holding that "material which is properly submitted as part of the complaint may be considered" by the Court in ruling on a Rule 12(b)(6) motion).

[4] The exhibit Plaintiff provided to corroborate this allegation appears to be an "excuse from," rather than a "return to," work notice. Nevertheless, the Court will construe the written pleading as the ultimate statement of Plaintiff's claims, consistent with the mandate that "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In any event, the Court does not rely on this statement in ruling on the Motion, and therefore it need not resolve the discrepancy.

informing him that, for liability reasons, CSSI could not allow him back to work until he presented a full release form from his doctor. (*Id.* at ¶ 13; Doc. 1, Ex. 1D). Ms. Lee also told Plaintiff that the letter she gave him would allow him "to obtain any benefits needed to help [him] sustain life's necessities until able to return back to work." (Doc. 1, Ex. 1 at ¶ 13).

Plaintiff proceeded to file for unemployment benefits on June 14, 2009, representing in his application that he had been "laid off" from his job at CSSI. (*Id.* at ¶ 14; Doc. 1, Ex. 1H). On June 22, 2009, Defendant James Hall, a manager at CSSI, protested Plaintiff's filing, claiming that Plaintiff merely was not yet cleared to return to work following the accident, not that he was laid off. (Doc. 1, Ex. 1 at ¶ 15; Doc. 1, Ex. 1H). Mr. Hall then directed the cancellation of Plaintiff's airport parking pass that same day. (Doc. 1, Ex. 1 at ¶ 16; Doc. 1, Ex. 1I). Plaintiff was eventually allowed to collect unemployment benefits because Mr. Hall's written objection noted that there was no work for Plaintiff until CSSI's receipt of a full doctor's release. (Doc. 1, Ex. 1 at ¶ 17).

On September 2, 2009, Mr. Williams phoned Plaintiff to ask him about his status and his return to work date. (*Id.* at ¶ 18). This same day, Plaintiff received from his doctor a full release to return to work, and the next morning, Plaintiff returned Mr. Williams' call. (*Id.* at ¶¶ 19–20). Mr. Williams responded by stating that there was no work available at that time and that he or Mr. Hall would follow up with Plaintiff when work was available again. (*Id.* at ¶ 20). Mr. Williams further stated that Plaintiff "should never have filed the Unemployment because that costs the company money." (*Id.*).

On September 11, 2009, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("Charge"). (*Id.* at ¶ 22; Doc. 1, Ex. 1L). In the Charge, he alleges that Defendants violated the Americans with Disabilities Act ("ADA") by discriminating against him due to the injuries he received from his accident and which precluded him from working. (*Id.*). His Complaint further alleges that he experienced retaliation, also prohibited by the ADA, when Defendants terminated his parking pass and told him he should not have taken unemployment benefits. (Doc. 1, Ex. 1 at ¶ 26). Defendants move to dismiss both claims.

**ANALYSIS**

**I.　Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

The Court must construe the Complaint liberally since Plaintiff is proceeding pro se. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'") (citations omitted); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citation omitted); *Ashelman v. Pope*, 793 F.2d

1072, 1078 (9th Cir. 1986) ("[W]e hold [plaintiff's] pro se pleadings to a less stringent standard than formal pleadings prepared by lawyers.").

**II.     Plaintiff's Filing of Multiple Responses to Defendants' Motion to Dismiss**

As an initial matter, Plaintiff has filed a total of three responsive memoranda to Defendants' Motion to Dismiss. Defendants filed their Motion on November 10, 2010, giving Plaintiff until December 13, 2010, to file a Response, which he did not do. On December 20, 2010, the Court entered an Order requiring that Plaintiff file a responsive memorandum no later than January 3, 2011, or else face the possible granting of the Motion and dismissal of his Complaint. *See* Doc. 9.

Plaintiff filed what he titled a "Preliminary Response" on January 3, 2011, "with reservation of rights to Respond further by filing Plaintiffs' [sic] Second Amended Complaint on or before Friday, February 4, 2011." (Doc. 10 at 1). He proceeded to file another "Preliminary Response" on January 12, 2011 (Doc. 11) and a "Response" on March 2, 2011 (Doc. 13). This is problematic for two reasons. First, pursuant to Federal Rule of Civil Procedure 15(a)(1), a party can amend a pleading as a matter of course only within 21 days of serving it or, as relevant here, within 21 days of service of a Rule 12(b) motion. Plaintiff has missed both of these windows of opportunity and therefore cannot file an Amended Complaint without Defendants' consent or leave of the Court, neither of which he has obtained to date. Second, Plaintiff had ample opportunity to assert his arguments in his initial Response without resorting to additional briefing, especially because the Court granted him an extension of time. The Federal and Local Rules of Civil Procedure do not permit supplemental filings of a responsive memorandum as of right. "Although [the Court] construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Since Plaintiff did not show good cause or obtain leave of the Court to file his Supplemental Responses, those filings (Doc. 11, 13) will not be considered here. Insofar as the original Reply (Doc. 12) addresses issues raised only in the first Supplemental Response (Doc. 11), such discussion will similarly be disregarded.

Furthermore, because the Court will not consider the Plaintiff's second Supplemental Response (Doc. 13), the Court will also not consider Defendants' second Reply (Doc. 14).

**III.    Claims Against Individual Defendants Lee and Hall**

The Ninth Circuit has held unequivocally that "individual defendants cannot be held personally liable for violations of the ADA." *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006). Plaintiff relies on cases outside this Circuit to support his argument to the contrary. Unlike Ninth Circuit authority, however, such cases are not binding upon this Court. Accordingly, all claims against Defendants Peilun Lee and James Hall are dismissed with prejudice.

**IV.    ADA Discrimination Claim Against CSSI**

The ADA "prohibits an employer from discriminating 'against a qualified individual with a disability because of the disability.'" *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1480 (9th Cir. 1996) (citing 42 U.S.C. § 12112(a)). To make out a prima facie ADA discrimination claim, a plaintiff must allege that he (1) is a disabled person within the meaning of the statute; (2) is a qualified individual with a disability; and (3) suffered an adverse employment action because of his disability. *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001).

Plaintiff must first allege that he has a disability. An individual is disabled under the ADA if he has "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment." 42 U.S.C. § 12102(1).

Plaintiff does not aver any facts suggesting that any of his major life activities have been limited or that he has a record of an impairment. Rather, he alleges that "defendants *regarded the Plaintiff as disabled* and stated that his injuries would prevent him from being able to complete any of the jobs offered by [CSSI] until he received a full release from his

doctors." (Doc. 1, Ex. 1 at ¶ 24 (emphasis added)).[5] While it is true that a "regarded as" impairment need not limit a major life activity, 42 U.S.C. § 12102(3)(A), a "regarded as" impairment that is "transitory and minor"–defined as "an impairment with an actual or expected duration of 6 months or less"–is not a covered disability following the ADA Amendments Act of 2008. 42 U.S.C. § 12102(3)(B). Plaintiff's car accident occurred on May 28, 2009, and he received full clearance to return to work effective September 7, 2009. Thus, the actual duration of the disability was just over three months. Under the ADA, Plaintiff cannot state a legal claim for a "regarded as" disability when his impairment falls within the statutory exception of "transitory and minor" impairments. Further, even if Plaintiff had alleged (which he did not) that CSSI regarded him as disabled for a longer period, the statute provides an absolute bar to disability status for "regarded as" impairments of six months or less, regardless of employer perceptions. 42 U.S.C. § 12102(3). While this Court does not discount the fact that Plaintiff suffered from a physical impairment following his accident, Congress has, in its legislative discretion, chosen to limit the scope of covered disabilities from which legal action might lie. Since Plaintiff fails to allege facts stating a disability under the statute, and the legal deficiencies cannot be cured by amendment of the Complaint, his ADA discrimination claim must be dismissed with prejudice.

## V.     ADA Retaliation Claim Against CSSI

Plaintiff alleges that by terminating his parking account, protesting his unemployment claim, and stating that no positions were available for him to return to work, CSSI retaliated against him in response to his filing for unemployment benefits. CSSI asserts, however, that this Court is precluded from hearing Plaintiff's ADA retaliation claim because Plaintiff did not include such allegations in his EEOC Charge. More specifically, CSSI argues that because the allegations of discrimination included in his EEOC Charge are based on different

---

[5] This is consistent with Plaintiff's characterization in his EEOC Charge, in which he stated the following: "I believe I was discriminated against because the employer regarded me as being disabled, in violation of the Americans with Disabilities Act . . . ." (Doc. 1, Ex. 1L).

facts than his retaliation claim, and because Plaintiff failed to check the box marked "Retaliation" on the EEOC form, Plaintiff has failed to exhaust his administrative remedies.

The Ninth Circuit has held that "Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990); *see also Walsh*, 471 F.3d at 1038 (holding that "Title I of the ADA invokes the same 'powers, remedies and procedures' as those set forth in Title VII") (quoting 42 U.S.C. § 12117(a)). The federal court's "[s]ubject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (emphasis in original) (internal quotations omitted); *see also Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) ("[T]he district court has jurisdiction over any charges of discrimination that are like or reasonably related to the allegations made before the EEOC . . . .") (internal quotations omitted); *Sosa*, 920 F.2d at 1456. Moreover, this Circuit has repeatedly held that because such Charges are often made by those who are unfamiliar with the technical aspects of formal pleading, the Charges are to be construed liberally. *Sosa*, 920 F.2d at 1456; *see also B.K.B.*, 276 F.3d at 1100; *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997); *Chung v. Pomona Valley Cmty. Hosp.*, 667 F.2d 788, 792 (9th Cir. 1982).

Plaintiff failed to mark the box labeled "Retaliation" as a basis for his EEOC Charge. The mere absence of a checked box on his EEOC Charge, however, is not necessarily dispositive of the issue. The content of his Charge must be examined to determine whether it was likely that the EEOC's investigation would uncover the alleged retaliation. *See Leong*, 347 F.3d at 1122; *B.K.B.*, 276 F.3d at 1100. Thus, whether the retaliation charge was "like or reasonably related" to the allegations made to the EEOC is the critical inquiry. *Leong*, 347 F.3d at 1122. In the written statement describing the particulars of his Charge, Plaintiff alleges only that CSSI "regarded [him] as being disabled" and that he "was discriminated against" and "informed . . . that there was no work available" because of it. (Doc. 1, Ex. 1L).

1 The Charge includes neither an allegation of retaliation nor facts supporting the claim
2 Plaintiff now advances. Rather, Plaintiff's EEOC Charge was narrow in scope, focusing
3 solely on disability discrimination. Plaintiff now alleges that Defendants retaliated against
4 him for filing an unemployment claim in June 2009. Thus, Plaintiff alleges retaliation that
5 did not arise from the filing of his ADA claim. Given the information in the EEOC Charge,
6 an investigation of the retaliation claim Plaintiff now brings could not reasonably be expected
7 to grow out of the investigation of his discrimination claims, as the two claims rely on
8 different sets of operative facts and the alleged retaliation precedes the filing of the Charge.
9 *See, e.g.*, *Villiarimo v. Aloha Island Air Inc.*, 281 F.3d 1054, 1060 n.7 (9th Cir. 2002). This
10 Court therefore lacks jurisdiction to hear, and therefore must dismiss, Plaintiff's ADA
11 retaliation claim.

12 Even if this Court's jurisdiction were proper, Plaintiff cannot satisfy the statutory
13 elements of retaliation. The ADA provides that "[n]o person shall discriminate against any
14 individual because such individual has opposed any act or practice *made unlawful by this*
15 *chapter* or because such individual made a charge, testified, assisted, or participated in any
16 manner in an investigation, proceeding, or hearing *under this chapter*." 42 U.S.C. §12203(a)
17 (emphasis added). The Ninth Circuit has held, in the analogous Title VII context, that "the
18 opposition clause, by its terms, protects only those employees who oppose what they
19 reasonably perceive as discrimination *under the Act*," whereby "the opposed conduct must
20 fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation."
21 *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (emphasis in original).
22 Plaintiff appears to allege only that the retaliation arose from his filing for unemployment
23 benefits, which does not fall within the protections of the ADA and therefore cannot support
24 an ADA retaliation claim. Because Plaintiff cannot, as a matter of law, maintain an ADA
25 retaliation claim, such claim is dismissed with prejudice.

26 **CONCLUSION**

27 Following Ninth Circuit precedent, the Court dismisses with prejudice all claims
28 against individual Defendants Lee and Hall. Plaintiff's impairment falls under the statutory

definition of "transitory and minor," and therefore does not qualify as a disability under the ADA to give rise to a discrimination claim. Because Plaintiff's impairment cannot possibly constitute a disability as defined by statute, his ADA discrimination claim is dismissed with prejudice. The ADA retaliation claim is barred for failure to exhaust administrative remedies, and because the alleged retaliation did not arise from an ADA-protected activity, the ADA retaliation claim is also dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Defendants Complete Skycap Services, Inc., Peilun Lee, and James Hall are **dismissed with prejudice**. The Clerk of the Court is directed to immediately terminate this action with respect to these Defendants only.

DATED this 26th day of July, 2011.

G. Murray Snow
United States District Judge